IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ARTHUR PERRY and LISA GILLESPIE PERRY,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., CORINTHIAN MORTGAGE CORPORATION d/b/a SOUTHBANC MORTGAGE, and TRUST TITLE COMPANY d/b/a TTC SETTLEMENT AND ESCROW COMPANY,<br><br>Defendants. | 1:24-CV-1080-DAB-LPA |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Consent Motion to Stay (D.E. 21) and Plaintiffs' Motion for Default Judgment (D.E. 22). For the reasons set forth below, the Court grants the Motion to Stay and denies the Motion for Default Judgment without prejudice.

### FACTUAL BACKGROUND

This action arises from a dispute concerning an allegedly fraudulent deed of trust encumbering Plaintiffs' property. According to the Complaint, Plaintiff Arthur Perry purchased the property in 2005 with a loan secured by a recorded deed of trust. (*Complaint* (D.E. 2) ¶¶ 8-12.) In 2006, a separate deed of trust purporting to secure a loan in favor of Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage was recorded against the property. (*Id.* ¶¶ 14-15.) Plaintiffs allege Mr. Perry never applied for, authorized, or received this loan and that the Corinthian deed of trust is fraudulent. (*Id.* ¶¶ 48, 66-68.)

1

In 2019, Plaintiffs attempted to sell the property. (*Id.* ¶ 19.) At closing, they learned for the first time that the Corinthian deed of trust encumbered the property, preventing the transaction from closing. (*Id.* ¶¶ 24-25, 28.) Plaintiffs thereafter contacted CitiMortgage, Inc., which had allegedly been assigned the rights associated with the Corinthian deed of trust. (*Id.* ¶¶ 30, 69.) In those communications, CitiMortgage allegedly acknowledged that it maintained an incorrect Social Security number for Mr. Perry. (*Id.* ¶ 33.) Plaintiffs allege that although they repeatedly requested documentation establishing the validity of the alleged loan, CitiMortgage was initially unable to produce responsive records and later produced documents that Plaintiffs contend contained material inaccuracies. (*Id.* ¶¶ 35, 38.)

In October 2022, Plaintiffs sued CitiMortgage in a state court action asserting claims arising from the Corinthian deed of trust and related collection and reporting activity (hereinafter "*Perry I*"). *See Perry v. CitiMortgage, Inc.*, No. COA 25-938 (N.C. Ct. App.) (Record on Appeal at 4-17). Plaintiffs voluntarily dismissed *Perry I* with prejudice in December 2023. (*Id.* at 50.) They then initiated the instant lawsuit in December 2024 against CitiMortgage, Corinthian, and Trust Title Company d/b/a TTC Settlement and Escrow Company based on substantially the same underlying conduct (hereinafter "*Perry II*"). (*See Compl.* (D.E. 2).) Plaintiffs have since obtained an entry of default against both Corinthian and Trust Title Company for their failure to appear in this action. (*See Entry of Default* (D.E. 16).)

CitiMortgage did appear, however, and asserted an affirmative defense based on Plaintiffs' voluntary dismissal with prejudice in *Perry I*. (*Answer* (D.E. 8) at 18.) Thereafter, Plaintiffs moved the *Perry I* court to convert the dismissal to one without prejudice. (*Perry I Record on Appeal* at 52-57.) The superior court denied that motion in March 2025, and Plaintiffs appealed. (*Id.* at 146-47.) That appeal remains pending before the North Carolina Court of Appeals.

Plaintiffs and CitiMortgage now jointly move to stay proceedings between them, representing that the *Perry I* appeal is likely determinative of whether Plaintiffs' claims against CitiMortgage here may proceed. (*Motion to Stay* (D.E. 21).) Plaintiffs also move for default judgment against Corinthian and Trust Title Company. (*Motion for Default Judgment* (D.E. 22).) The Court addresses both motions in turn.

2

## ANALYSIS

I.   **A temporary stay pending the disposition of the *Perry I* appeal is warranted.**

The Court initially addresses the Consent Motion to Stay. This Motion does not cite any rule, statute, or other authority supporting the requested relief, notwithstanding Local Rule 7.3(j), which requires that even unbriefed consent motions cite "any applicable rule, statute, or other authority justifying the relief sought." Although the Court does not treat that omission as dispositive, it does mean the Court must independently assess whether a stay is warranted under governing law.

That review confirms that a federal court possesses the "inherent" authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Univ. Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Under the *Colorado River* doctrine, for example, a federal court may stay a "duplicative federal action for purposes of 'wise judicial administration.'" *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)); *see also United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017) (noting a court's authority "to stay an action pending the outcome of parallel proceedings in another court"). Application of *Colorado River* requires both: (1) "parallel proceedings in state and federal court" and (2) "exceptional circumstances" justifying the stay. *Gannett Co. v. Clark Constr. Grp.*, 286 F.3d 737, 741 (4th Cir. 2002) (citing *Colorado River*, 424 U.S. at 813). Although Plaintiffs' Motion does not invoke *Colorado River* expressly, the Court is satisfied its requirements are met here.

First, the proceedings are parallel. Actions are parallel when "substantially the same parties litigate substantially the same issues in different forums." *vonRosenberg*, 849 F.3d at 168 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Here, Plaintiffs and CitiMortgage are parties to both this action and *Perry I*. And the issues substantially overlap: the pending state court appeal concerns whether Plaintiffs may pursue renewed claims against CitiMortgage at all following a voluntary dismissal with prejudice, while this action presumes the continued viability of those same claims.

Second, exceptional circumstances warrant a stay. In assessing whether such circumstances exist, courts consider: "(1) whether the subject matter of the litigation

3

involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *Id.* (quoting *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463–64 (4th Cir. 2005)). Courts "must look at these factors holistically, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Several factors weigh strongly in favor of a stay here. Most importantly, the parties jointly represent that the pending state court appeal is likely dispositive of whether Plaintiffs' claims against CitiMortgage in this action may proceed at all. (*See Motion to Stay* (D.E. 21).) Allowing this case to move forward while that appeal remains unresolved creates a substantial risk of inconsistent rulings, unnecessary use of judicial resources, and piecemeal litigation. Further, the state court action predates this case and has progressed to the appellate stage. There is also no dispute that the state forum is adequate to protect the parties' rights.

To be sure, some *Colorado River* factors may be neutral or weigh modestly against a stay. But given the potentially dispositive nature of the state court appeal and to avoid piecemeal and duplicative litigation here, the Court concludes that this case presents the type of exceptional circumstances that justify a temporary stay. The Court accordingly grants the Motion to Stay as outlined below.

## II. Plaintiffs' Motion for Default Judgment is premature and denied without prejudice.

The Court next turns to Plaintiffs' Motion for Default Judgment. Obtaining a default judgment is a two-step process. A plaintiff must first secure an entry of default under Rule 55(a), *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020), which Plaintiffs have already done (*see Entry of Default* (D.E. 16)). The plaintiff must then obtain a default judgment under Rule 55(b), which—unless entered by the Clerk—must be entered by the district court. *Fidrych*, 952 F.3d at 130. The district court must then ordinarily determine "whether the well-pleaded allegations in the operative complaint support the relief sought." *Mey v. Phillips*, 71 F.4th 203, 223 (4th Cir. 2023) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)) (internal brackets omitted).

That said, this case presents a distinct procedural posture because Plaintiffs seek default judgment against fewer than all defendants. The Supreme Court has

4

long cautioned that, to avoid logically inconsistent judgments, a court should not enter default judgment against a defaulting defendant in a case involving joint or interdependent liability while other defendants continue to litigate the merits. *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). The Fourth Circuit has extended this principle beyond strict joint liability to cases involving multiple defendants whose potential liability is joint, several, or otherwise "closely interrelated." *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) (citation omitted). Courts accordingly hold that default judgment is inappropriate where it would risk outcomes inconsistent with the resolution of claims against non-defaulting defendants. *See, e.g.*, *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022); *Vick v. Wong*, 263 F.R.D. 325, 331-33 (E.D. Va. 2009).

These considerations counsel against entering default judgment at this stage. The claims for which Plaintiffs seek default judgment arise from the same alleged loan transaction and deed of trust that underlie Plaintiffs' stayed claims against CitiMortgage. Several claims against the defaulting defendants are pleaded expressly in the alternative to claims asserted against CitiMortgage, such that liability on those claims would necessarily turn on the resolution of CitiMortgage's liability. (*See Compl.* (D.E. 2) Counts 6-9, 12.) Other claims are asserted jointly against CitiMortgage and one or more defaulting defendants, and CitiMortgage's potential liability on certain claims is derivative of the alleged conduct of the defaulting defendants. (*Id.* Counts 6, 9, 10.) In addition, certain claims against CitiMortgage hinge on the validity or fraudulence of the Corinthian deed of trust. (*See id.* ¶ 26.) Indeed, Plaintiffs themselves acknowledge that "there is a great deal of overlap between facts proving the several causes of action." (*Motion for Default Judgment* (D.E. 22) at 5.) Entering default judgment now would risk predetermining factual and legal issues central to the remaining claims, thereby creating a substantial risk of inconsistent liability and damages determinations.

To be sure, Counts 13 (constructive fraud) and 14 (negligence) appear to be asserted solely against Trust Title Company and are not expressly pleaded in the alternative. Even so, those claims arise from the same underlying facts and are closely intertwined with the unresolved merits issues in this action. Under these circumstances, entering default judgment at this stage risks inconsistent adjudications and premature merits determination. Thus, the Court concludes that denial of the Motion for Default Judgment without prejudice is warranted.

## CONCLUSION

For the reasons stated above, Plaintiffs' and CitiMortgage's Consent Motion to Stay (D.E. 21) is GRANTED, and this action is STAYED pending resolution of the related appeal currently before the North Carolina Court of Appeals. The Court

5

further ORDERS that Plaintiffs and CitiMortgage shall file a joint notice within 14 days of the issuance of a decision by the North Carolina Court of Appeals in the related state court proceeding. If no decision has been issued within three months of the entry of this Order, Plaintiffs and CitiMortgage shall instead file a joint status report advising the Court of the status of the state court appeal and whether continuation of the stay remains appropriate.

    It is further ordered that Plaintiffs' Motion for Default Judgment (D.E. 22) is DENIED WITHOUT PREJUDICE. This motion may be renewed, if appropriate, after the stay of the action is lifted and in a manner consistent with this Opinion and Order.

    This the 18th day of February, 2026.

                                              /s/ David A. Bragdon
                                           United States District Judge